IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANDELL MEIL GRIMBLE, 622849, | § | |
| Petitioner, | § | |
| | § | No. 3:04-CV-2378-N |
| v. | § | ECF |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Douglas Dretke, Director of TDCJ-CID.

**II. Background**

On August 27, 1992, Petitioner was convicted of capital murder and was sentenced to life imprisonment. *State of Texas v. Grimble*, No. F92-39105-M (194th Jud. Dist. Ct., Dallas County, Tex., Aug. 27, 1992). On May 31, 1994, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Grimble v. State of Texas*, No. 05-92-02532-CR (Tex. App. – Dallas, May 31, 1994). On October 12, 1994, the Court of Criminal Appeals refused Petitioner's

petition for discretionary review. PDR No. 0952-94.

On February 7, 1996, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Grimble*, Application No. 30, 533-01. On April 10, 1996, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. On June 1, 2000, Petitioner filed a second state petition for writ of habeas corpus. *Ex parte Grimble*, Application No. 30,533-02. On February 21, 2001, the Court of Criminal Appeals dismissed the petition. On September 18, 2003, Petitioner filed his third state petition for habeas relief. *Ex parte Grimble*, Application No. 30,533-03. On September 29, 2004, the Court of Criminal Appeals dismissed the petition.

On November 3, 2004, Petitioner filed this federal petition. He argues: (1) he received ineffective assistance of counsel; (2) the trial court erred in overruling Petitioner's objection to the admission of photographs; and (3) the trial court erred in overruling Petitioner's objection to a peremptory challenge.

On November 12, 2004, the Court ordered Petitioner to show cause why this petition should not be dismissed as time-barred. On November 30, 2004, Petitioner filed his response. The Court now finds the petition is barred by limitations and should be dismissed.

**III.  Discussion**

    **(a) Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism

and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On May 31, 1994, the Fifth District Court of Appeals affirmed Petitioner's conviction. On December 12, 1994, the Texas Court of Criminal Appeals denied the petition for discretionary review. The conviction therefore became final ninety days later, on March 13, 1995. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until March

---

[1] The statute provides that the limitations period shall run from the latest of--

>  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
>  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

13, 1996, to file his federal petition.

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's effective date of April 24, 1996, to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 7, 1996, Petitioner filed his first state habeas petition. On April 10, 1996, the Court of Criminal Appeals denied the petition. Petitioner did not file his second state petition until June 1, 2000. This petition was filed after the limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his federal habeas petition no later than April 24, 1997. He did not file his petition until November 3, 2004. His petition is therefore untimely.

### (b) Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96

F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states that he filed a second state habeas in June, 2000, because his mother informed him that he was partially disabled by mental retardation.  He also states that he filed his third state habeas petition in 2003, because he discovered the ingredients of a drug that he involuntarily ingested immediately prior to the offense.  He states his counsel failed to obtain expert testimony regarding the effects of this drug on a person who is retarded.

For equitable tolling to apply, however, the applicant must diligently pursue habeas corpus relief.  *See Coleman,* 184 F.3d at 402 (5th Cir. 1999).  Petitioner has not shown that he could not have discovered this evidence within the limitations period.  Petitioner has not shown that he was actively mislead by the State, or that he was prevented is some extraordinary way from asserting his rights.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 10th day of January, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).